Richard G. Grotch, Esq. – SBN 127713
**Jetstream Legal APC**
80 Cabrillo Highway North, Suite Q-325
Half Moon Bay, CA 94019
Tel.:  415.961.1691
Email: rgrotch@jetstreamlegal.com

ATTORNEYS FOR Defendant
Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HIPPENSTEEL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No.3:24-cv-00778-W-DEB<br><br>DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>Honorable Thomas J. Whelan<br>Senior United States District Judge |

COMES NOW defendant Delta Air Lines, Inc. ("Delta") and in response to the first amended complaint for damages ("FAC") of plaintiff Joseph Hippensteel ("Hippensteel") (Doc. 9), herewith admits, denies, and avers as hereinafter set forth.

**I.**

Responding to paragraph 1 of the FAC, Delta avers that the allegations are legal conclusions to which a response is not required. To the extent a response is required, Delta does not dispute that this Court has subject matter jurisdiction over the matters alleged in the FAC.

///

///

**II.**

Responding to paragraph 2 of the FAC, Delta avers that the allegations are legal conclusions to which a response is not required. To the extent a response is required, Delta does not dispute the propriety of venue for this case in this district.

**III.**

Responding to paragraph 3 of the FAC, Delta avers that it lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

**IV.**

Responding to paragraph 4 of the FAC, Delta admits the allegations contained therein.

**V.**

Responding to paragraph 5 of the FAC, Delta admits that at all relevant times it was a federally certificated air carrier that, among other things, transports passengers for hire by air.

**VI.**

Responding to paragraph 6 of the FAC, Delta admits that prior to May 16, 2022, Hippensteel purchased tickets for roundtrip transportation between San Diego, California and London, England, on flights operated by Delta.

**VII.**

Responding to paragraph 7 of the FAC, Delta admits that prior to May 16, 2022, Hippensteel was ticketed to fly roundtrip between San Diego, California and London, England, on flights operated by Delta, including Flight 1413 from San Diego, California to Seattle, Washington and Flight 20 from Seattle, Washington to London, England, on May 16, 2022.

**VIII.**

Responding to paragraph 8 of the FAC, Delta admits that Hippensteel boarded Delta Flight 1143 on May 16, 2022; except as expressly admitted, Delta denies the remaining allegations therein contained.

**IX.**

Responding to paragraph 9 of the FAC, Delta denies the allegations therein contained.

**X.**

Responding to paragraph 10 of the FAC, Delta denies the allegation that there was a defective failure of the armrest; lacks sufficient information to form a belief as to the truth of the allegation regarding injury and, on that basis, denies the allegation; the remaining allegations are legal conclusions to which a response is not required.

**XI.**

Responding to paragraph 11 of the FAC, Delta admits a flight attendant and passenger-doctor interacted with Hippensteel; that one or more mechanics checked the armrest; and that the flight arrived in London without incident; except as admitted, Delta lacks sufficient information to form a belief as to the truth of the allegation regarding injury and, on that basis, denies the allegations.

**XII.**

Responding to paragraph 12 of the FAC, Delta denies the allegations therein contained.

**XIII.**

Responding to paragraph 13 of the FAC, Delta avers that the allegations are legal conclusions to which a response is not required.

///

3

**XIV.**

Responding to paragraph 14 of the FAC, Delta avers that the allegations are legal conclusions to which a response is not required; however, Delta admits that Hippensteel's air travel on May 16, 2022, with Delta, constituted international carriage.

**XV.**

Responding to paragraph 15 of the FAC, Delta avers that the allegations are legal conclusions to which a response is not required; however, Delta does not dispute that Hippensteel's rights in this action, as they relate to his air travel on May 16, 2022, are governed by the terms of the Montreal Convention.

**XVI.**

Responding to paragraph 16 of the FAC, Delta avers that the allegations concerning an "accident" are legal conclusions to which a response is not required; as to the remaining allegations therein contained, Delta denies the allegations.

**XVII.**

Responding to paragraph 17 of the FAC, Delta lacks sufficient information to form a belief as to the truth of the allegation regarding injury and, on that basis, denies the allegations.

**XVIII.**

Responding to paragraph 18 of the FAC, Delta avers that the allegations are legal conclusions to which a response is not required; to the extent a response is required, Delta denies the allegations.

///
///
///

4

Answer to First Amended Complaint for Damages
Case No: 3:24-cv-00778-W-DEB

**XIX.**

Responding to paragraph 19 of the FAC, Delta avers that the allegations concerning are legal conclusions to which a response is not required; to the extent a response is required, Delta denies the allegations.

**XX.**

Responding to paragraph 20 of the FAC, Delta avers that the allegations concerning are legal conclusions to which a response is not required; to the extent a response is required, Delta denies the allegations.

**XXI.**

Responding to paragraph 21 of the FAC, Delta denies the allegations therein contained.

**XXII.**

Responding to paragraph 22 of the FAC, Delta denies the allegations therein contained.

**AFFIRMATIVE DEFENSES**

**XXIII.**

As a first, separate and affirmative defense to the Complaint, Delta alleges that the FAC, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Delta.

**XXIV.**

As a second, separate and affirmative defense to the FAC, Delta alleges that Hippensteel's claims against Delta are governed exclusively by the Montreal Convention and the Montreal Convention preempts, bars, or limits any claims against Delta in this action.

///
///
///
///

### XXV.

As a third, separate and affirmative defense to the FAC, Delta alleges that it is not liable to Hippensteel because the alleged damages complained of were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

### XXVI.

As a fourth, separate and affirmative defense to the FAC, Delta alleges that it is not liable to Hippensteel because he did not sustain a "bodily injury" that was proximately caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

### XXVII.

As a fifth, separate and affirmative defense to the FAC, Delta alleges that it is wholly or partly exonerated from liability in accordance with Article 20 of the Montreal Convention.

### XXVIII.

As a sixth, separate and affirmative defense to the FAC, Delta alleges that its liability, if any, for Hippensteel's alleged injuries and damages is limited by Article 21 of the Montreal Convention because his alleged injuries and damages were not due to the negligence or other wrongful acts or omissions on the part of Delta or its servants or agents and/or were solely due to the negligence or other wrongful acts or omissions of a third party.

### XXIX.

As a seventh, separate and affirmative defense to the FAC, Delta alleges that its liability, if any, with respect to Hippensteel's alleged damages may be further limited or excluded in accordance with its conditions of carriage, conditions of contract and tariffs.

///

///

**XXX**.

As an eighth, separate and affirmative defense to the FAC, Delta alleges that to the extent Hippensteel failed subsequent to the occurrence described in the FAC properly to mitigate his damages, he is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on his part.

**XXXI.**

As a ninth, separate and affirmative defense to the FAC, Delta alleges that the acts, omissions and damages alleged by Hippensteel were due to the fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of other parties, nonparties, or persons for which Delta is not liable or responsible and were not the result of any fault, neglect, want of care, or other culpable conduct on the part of Delta or its agents, servants or employees.

**XXXII.**

As a tenth, separate and affirmative defense to the FAC, Delta alleges that Hippensteel may have failed to join necessary and/or indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure for the just adjudication of this action.

**XXXIII.**

As an eleventh, separate and affirmative defense to the FAC, Delta alleges that Hippensteel's claims and alleged damages may be preempted, barred or limited by federal law, including, *inter alia*, the Federal Aviation Act of 1958, as amended, 49 U.S.C. § 40103 *et seq.* and the Airline Deregulation Act of 1978, as amended, 49 U.S.C. § 41713(b)(1).

///

///

///

**XXXIV.**

As a twelfth, separate and affirmative defense to the FAC, Delta alleges that the damages claimed by Hippensteel may be limited or not recoverable under applicable law. Further, if damages are awarded to Hippensteel, they should be reduced or offset by various benefits received by or on behalf of Hippensteel under applicable law.

**XXXV.**

As a thirteenth, separate and affirmative defense to the FAC, Delta alleges that it reserves the right to amend its answer to the FAC to assert additional affirmative defenses revealed in the course of investigation and discovery.

WHEREFORE Delta prays that Hippensteel take nothing by reason of the FAC on file herein; for its costs of suit incurred herein; and, for such other and further relief as the Court deems just and proper.

Dated:  July 22, 2024                           ***JETSTREAM LEGAL APC***

By:_/s/ Richard G. Grotch_____
    Richard G. Grotch
    Attorneys for Defendant
    Delta Air Lines, Inc.