DWIGHT F.. RITTER, ESQ.
STATE BAR NUMBER 127030
**RITTER & ASSOCIATES**
501 WEST BROADWAY, SUITE 1490
SAN DIEGO, CALIFORNIA 92101-8567
TELEPHONE: (619) 296-0123
E-MAIL: dr@ritterlaw.com

Attorney for Plaintiff, Joseph Hippensteel

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HIPPENSTEEL,<br><br>                              Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a Delaware corporation,<br><br>                              Defendant. | Case No.:  3:24-cv-00778-W-DEB<br><br>**PLAINTIFF'S NOTICE OF ERRATA RE: FIRST AMENDED COMPLAINT** |

**TO: THE COURT, DEFENDANT, DELTA AIR LINES, INC., AND TO DEFENDANT'S ATTORNEY OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Plaintiff, JOSEPH HIPPENSTEEL, files this Notice of Errata to correct an error in his First Amended Complaint filed on June 30, 2024, (ECF Doc. 9). In Plaintiff's First Amended Complaint, he referred to Delta Flight "1413" as the Delta Air Lines flight number on which Plaintiff's "accident" occurred.

1

Case No. 3:24-CV-00778-W-DEB
NOTICE OF ERRATA RE: FIRST AMENDED COMPLAINT

Although Defendant indicated in its Initial Discovery Disclosures that the Delta flight number was "20," Plaintiff's Counsel was unable to confirm this fact until he received an e-mail on December 6, 2024, from Defendant's Counsel reasserting the fact with more specificity. As a result of that e-mail communication, Plaintiff realized he had misidentified the Delta Flight number in his Complaint and First Amended Complaint. Plaintiff has therefore edited his First Amended Complaint at paragraph 8 to delete the reference to "Flight 1413" and corrected it to identify the Delta Air Lines Flight number as "Flight 20 in Seattle, Washington." The corrected version of Plaintiff's First Amended Complaint is filed simultaneously with this Notice of Errata.

Plaintiff does not expect the filing of its corrected First Amended Complaint will cause any delay in the prosecution of this case as it was Defendant's Counsel who brought this error to Plaintiff's Counsel's attention. Further, written discovery concerning the correct Delta Flight 20 has been served and responded to between the Parties.

Plaintiff, JOSEPH HIPPENSTEEL, agrees that unless otherwise directed or ordered by this Court, Defendant DELTA AIR LINES, INC., shall not be required to

///

///

///

answer the Amended Complaint, and that all denials, responses and affirmatives defenses contained in its Answer filed by Defendant to the First Amended Complaint (ECF Doc. 10) shall be responsive to the First Amended Complaint, as corrected.

Dated: December 10, 2024       **RITTER & ASSOCIATES**

By: /s/Dwight F. Ritter_____
Dwight F. Ritter
Attorney for Plaintiff
Joseph Hippensteel
 Email: dr@ritterlaw.com

DWIGHT F.. RITTER, ESQ.
STATE BAR NUMBER 127030
**RITTER & ASSOCIATES**
501 WEST BROADWAY, SUITE 1490
SAN DIEGO, CALIFORNIA 92101-8567
TELEPHONE: (619) 296-0123
E-MAIL: dr@ritterlaw.com

Attorney for Plaintiff, Joseph Hippensteel

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH HIPPENSTEEL,<br><br>                          Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a Delaware corporation,<br><br>                          Defendant. | Case No.: 3:24-cv-00778-W-DEB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1.   **STRICT LIABILITY PURSUANT TO THE MONTREAL CONVENTION; AND**<br><br>**DEMAND FOR JURY TRIAL** |

   **COMES NOW** Plaintiff, JOSEPH HIPPENSTEEL, and alleges herein the following against Defendant DELTA AIRLINES, INC. (hereinafter "DELTA"):

**JURISDICTION**

   1.   This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C.A.

1

Case No. 3:24-CV-00778-W-DEB
FIRST AMENDED COMPLAINT FOR DAMAGES

Section 1331 in that the subject matter herein arises under the laws and treaties ratified by the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air ("Montréal Convention"). This airline flight involves the international carriage of passengers between the United States and United Kingdom, both of whom are signatories to the Montréal Convention, which specifically removes limitations on damages.

## VENUE

2.  Venue in this action properly lies in the Southern District of California pursuant to Article 33 of the Montréal Convention because London, UK was the place of destination, Plaintiff resides in this venue and Defendant DELTA, a Delaware corporation, conducts business operations in this venue.

## INTRODUC'I'ION AND PARTIES TO THE ACTION

3.  At all times mentioned herein, Plaintiff JOSEPH HIPPENSTEEL was, and now is a citizen of the County of San Diego, State of California.

4.  Plaintiff is informed and believes and thereupon alleges that on and before May 16, 2022, and at all times thereafter, Defendant DELTA was, and is a Delaware corporation with its principal place of business located in Atlanta, Georgia, and authorized to do business, and is doing business in the County of San Diego, State of California.

5.     Plaintiff is further informed and believes and thereupon alleges that Defendant DELTA was at all relevant times alleged herein a common carrier engaged m the business of transporting for hire by air.

6.     On and before May 16, 2022, Plaintiff purchased round-trip tickets from Defendant DELTA for commercial air transportation from California to London, UK and return by air to San Diego, California.

7.     On and before May 16, 2022, Defendant DELTA issued and delivered to Plaintiff round-trip tickets for commercial air transportation from California to London and back, including aboard Delta Airlines Flight 1413 & Flight 20 departing from California to London, UK, via Seattle, Washington on May 16, 2022.

8.     On May 16, 2022, Plaintiff boarded DELTA Flight *20 in Seattle, Washington,* and was preparing for flight departure in his aisle seat. As Plaintiff prepared to fasten his seatbelt, from his right side to the left side buckle, he placed the weight of his body on the left armrest of his seat. At that time, the left armrest completely failed to support Plaintiff's body causing Plaintiff and the armrest to immediately fall toward the cabin floor. In so doing, Plaintiff's right side contorted, twisted, and overextended in a manner causing Plaintiff to injure his right side and hip area.

9. The defective failure of Defendant's aircraft armrest to provide support was an unexpected or unusual event that was external to the plaintiff.

10. The defective failure of the armrest and injury to Plaintiff is not usual, normal or expected in the proper operation of the DELTA aircraft.

11. Following Plaintiff's immediate injury, an onboard flight attendant and an onboard doctor (who was a passenger and a pediatrician) assisted Plaintiff. Both persons noted at that time the severe right side injury to Plaintiff at his ribs and right hip area. Thereafter, DELTA brought aboard two mechanical repair men who observed, inspected, and attempted to repair the collapsed armrest at that time. The repairmen were unable to repair the armrest and the flight proceeded, in disrepair, on its scheduled course without further incident.

12. As a direct and proximate result of the failure of the mechanical condition of the left armrest on Defendant DELTA'S aircraft, Plaintiff suffered a right rib fracture and left hip pain causing him to suffer pain and feel daily living limitations.

## COUNT I – STRICT LIABILITY/MONTREAL CONVENTION

13. The Montreal Convention, when applicable, sets forth the liability and compensation owed by airlines for the injury and death of a passenger.

14. The airline flight which is the subject of this action involves the international carriage of passengers between the United States and United Kingdom.

15. The Montreal Convention applies.

16. An "accident" occurred when the left armrest of Plaintiff's seat completely failed, lost its support, and fell to the floor. At that time, Plaintiff was supporting his body's weight on his left arm and plaintiff fell with the armrest contorting his right side, including the right ribs and right hip area, and causing Plaintiff to suffer injuries and damages to his body and person as he fell to the floor.

17. Plaintiff suffered immediate injury, which was noted by other passengers, the flight attendant crew, and eventually, two mechanics who boarded the aircraft to attempt to repair the defective armrest.

18. Under Article 17(1) of the Montreal Convention, Defendant DELTA is liable for all damages and injuries sustained due to a condition that occurred onboard an aircraft owned and/or operated by Defendant DELTA.

19. Under Article 21(1) of the Montreal Convention, Defendant DELTA "shall not be able to exclude or limit its liability" under Article 17(1) for damages up to 128,821 SDRs. (Approximately $170,000).

20. Under Article 21(2) of the Montreal Convention, Defendant DELTA shall not be liable for damages exceeding 128,821 SDRs, but only if Defendant

DELTA proves either (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

21. On or about May 16, 2022, Defendant DELTA, by and through its employees and/or agents, committed the following negligence or other wrongful act or omissions:

    a) Failed to properly maintain the condition of its aircraft, including the defective condition of its safety and seating apparatus, which caused Plaintiff's injuries and damages;

    b) Or was otherwise careless and negligent.

22. As a direct and proximate result of one or more of the aforementioned negligent or wrongful acts/omissions by Defendant DELTA, and/or its employees/agents, Plaintiff, JOSEPH HIPPENSTEEL, sustained significant personal injuries, including but not limited to pain, suffering, disability, loss of normal life, emotional distress, lost wages, medical and rehabilitative expenses, and lost earning capacity.

**WHEREFORE**, Plaintiff JOSEPH HIPPENSTEEL prays for judgment against Defendant DELTA and in favor of Plaintiff, as follows:

1. For a sum in the amount of One Million Dollars ($1,000,000), or other sum as will be proven at the time of trial that fully and fairly compensates Plaintiff for all of his legally compensable damages;

2. For costs of suit incurred herein; and

3. For such other and further relief as this Court deems just and proper.

Dated: December 10, 2024                    RITTER & ASSOCIATES

s/Dwight F. Ritter_____
DWIGHT F. RITTER
Attorney for Plaintiff
Email: dr@ritterlaw.com

DEMAND FOR JURY TRIAL

Plaintiff JOSEPH HIPPENSTEEL hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 10, 2024                    RITTER & ASSOCIATES

s/Dwight F. Ritter_____
DWIGHT F. RITTER
Attorney for Plaintiff
Email: dr@ritterlaw.com